IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

MARY ELLEN BRIGHT,                          )      CASE NO.3:19-CV-02371
                                            )
            Plaintiff,                      )
                                            )      MAGISTRATE JUDGE
      v.                                    )      WILLIAM H. BAUGHMAN, JR.
                                            )
COMMISSIONER OF SOCIAL                      )      MEMORANDUM OPINION AND
SECURITY,                                   )      ORDER
                                            )
            Defendant.                      )

## Introduction

Before me[1] is an action by Mary E. Bright under 42 U.S.C. § 405(g) seeking judicial

review of the 2018 decision of the Commissioner of Social Security that denied her 2016

application for disability insurance benefits and supplemental security income.[2] The

Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4]

Under my initial[5] and procedural[6] orders, the parties have filed briefs,[7] together with

---

[1] The parties have consented to my exercise of jurisdiction and the matter was then
transferred to me by United States District Judge Jack Zouhary. ECF No. 12.
[2] ECF No. 1.
[3] ECF No. 9.
[4] ECF No. 10.
[5] ECF No. 6.
[6] ECF No. 13.
[7] ECF Nos. 14 (Bright brief); 17 (Commissioner brief); 18 (Bright reply).

1

supporting fact sheets and charts.[8] Further, the parties have met and conferred as to narrowing the issues in dispute[9] and have participated in a telephonic oral argument.[10]

For the following reasons, the decision of the Commissioner will be reversed, with the matter remanded for further proceedings.

## Facts

### A. ALJ's Decision

Bright, who was 53 years old at the time of the application,[11] completed eighth grade and later obtained a GED.[12] The ALJ found that her past relevant work was **in the composite job of cleaner and manager,**[13] but that she could no longer perform that work.[14]

The ALJ concluded that Bright has the following severe impairments:

Fibromyalgia, obesity, vertigo, depression and anxiety.[15]

Further, after consideration the evidence, the ALJ determined that Bright has a residual functional capacity (RFC) as follows:

---

[8] ECF Nos. 14, Attachments 1 and 2 (Bright fact sheet and chart); 17, Attachment 1 (Commissioner chart).

[9] ECF No. 20.

[10] ECF No. 21.

[11] Tr. at

[12] *Id*. at 26, 453.

[13] Elsewhere in the transcript her work was described as being a hotel manager. Tr. at 20 ("hotel manager"), 22 ("past work involved front desk work, management of about thirty people, customer service and maintenance").

[14] *Id*. at 25.

[15] *Id*. at 18.

Medium work … except: no climbing, ropes, ladders, scaffolds, no kneeling, no squatting and performing the remaining postural activities on a frequent basis. In addition, the claimant can perform simple routine, repetitive tasks that require one to three step tasks in environments with no dangerous machinery, no unprotected elevations and no extreme temperatures; with occasional interactions with the public, co-workers and supervisors.[16]

A VE testified that given all the limitations contained in the RFC, the jobs of janitor, detailer and laundry worker could be performed and exist in significant numbers in the national economy.[17] Accordingly, the ALJ concluded that Bright was not disabled, denying her applications.[18]

## B.    Bright's Position

Bright raises two issues with the decision:

1.    The hypothetical posed by the ALJ to the VE was incomplete when compared to the RFC as ultimately formulated.[19]

2.    The ALJ erred in finding that she could perform medium work exertionally when the state agency physicians found a greater limitation, there was no opinion evidence to the contrary and the ALJ did not properly consider the effects of fibromyalgia, which was found to be a severe impairment.[20]

Essentially, as to the first issue, Bright argues that the hypothetical posed to the VE critically omitted what the RFC stated, that Bright perform no kneeling, no squatting and no postural activities performed frequently.[21] As to the second issue, Bright maintains that the ALJ erred in relying on findings that she had normal joint stability, normal range of

---

[16] *Id*. at 21.

[17] *Id*. at 26.

[18] *Id*. at 27.

[19] ECF No. 14 at 6-8.

[20] *Id*. at 8-10.

[21] *Id*. at 6-7.

motion and no joint pain on motion when fibromyalgia patients are functionally limited despite frequently have similar medical findings.[22]

## C.     The Commissioner's Position

The Commissioner accepts that the hypothetical posed to the VE omitted certain limitations that were part of the final RFC but argues that any error was harmless.[23] Specifically, the Commissioner concedes that while these omissions "might exclude" two of the jobs identified by the VE, the job of laundry worker is unaffected.[24] Moreover, as to the second issue, the Commissioner contends that the ALJ properly considered all the medical and opinion evidence in concluding that Bright was capable of medium exertion work, with a number of non-exertional limitations.[25]

## Analysis

Initially, I will conduct the judicial review here under the well-know substantial evidence test, which need not now be restated.

## A.     The VE's Hypothetical

As to the first issue, it is well-established that a VE's testimony of no disability may be relied upon only if the hypothetical to which he responded is an accurate summary of

---

[22] *Id*. at 9-10 (citations omitted).
[23] ECF No. 17 at 4-5. This conforms to the parties' conclusion after meeting and conferring that the issue here is whether the admitted omission is harmless error. ECF No. 19.
[24] *Id*. at 4-6.
[25] *Id*. at 6-10.

the claimant's physical and mental limitations.[26] To that point, and related to the present case, courts have concluded that the omission of an RFC limitation from the VE's hypothetical is not harmless error when the court is left to assume, as the Commissioner would have it, that the VE would have necessarily testified as to the availability of even the laundry job if given the accurate RFC.[27]

Indeed, while the hypothetical need not match the language of the RFC *verbatim*, nor provide an exhaustive list of the claimant's medical conditions, it must accurately provide the VE with what the ALJ has concluded that the claimant can and cannot do.[28] Where the hypothetical omits a critical limitation, the resulting testimony from the VE cannot constitute substantial evidence.[29]

As Bright points out, the key to the Commissioner's harmless error argument is the contention that, based on the Commissioner's own reading of the DOT, the job of laundry worker could still be performed under a hypothetical that included the limitation as to no kneeling, no squatting and no other postural activities performed frequently.[30] As she notes, this is merely the Commissioner's interpretation of the DOT, not testimony of the VE, who was not afforded the opportunity to testify under a proper hypothetical. If, as noted above,

---

[26] *Varley v. Secy. Of HHS*, 820 F.2d 777, 779 (6th Cir. 1987) (citations omitted).

[27] *Gainey v. Comm'r*, 2020 WL 5802965, at **5-6 (N.D. Ohio Sept. 14, 2020) (report and recommendation); R&R adopted, *Gainey v. Comm'r*, 2020 WL 5798235 (N.D. Ohio Sept. 29, 2020); see also, *Losh v. Comm'r*, 2016 WL 3668139 (N.D. Ohio July 11, 2016) (rejecting R&R).

[28] *Losh,* 2016 WL 3668139, at *3.

[29] *Id*. (citing *Ealy v. Comm'r*, 594 F.3d 504, 516 (6th Cir. 2010)).

[30] ECF No. 18 at 2.

the testimony of a VE on an incomplete hypothetical is not substantial evidence to support a finding by the ALJ, likewise is the "testimony" of the Commissioner not substantial evidence to support such a finding.

Accordingly, for the reasons stated, I find that substantial evidence does not support the decision of the Commissioner and that the matter should be remanded.

**B.      The ALJ's Finding of Medium Exertional Level**

While Bright seeks to locate a conflict between the ALJ's finding that she can do medium exertional level work and the opinions of state agency physicians as to her fibromyalgia,[31] the Commissioner notes that the ALJ "considered treatment records that reflected stability and improvement in [Bright's] fibromyalgia and accompanying depression during the relevant period."[32] As the Commissioner also notes, while Bright contends that the ALJ should not have relied on normal physical examination results in light of that fibromyalgia, she has not pointed to evidence showing that any symptoms of fibromyalgia prevent her from doing medium work.[33]

Indeed, much of the evidence of Bright's capacities cited by the ALJ, including what she self-reported, "post-date[] the opinions of [the state agency physicians], demonstrat[ing] greater abilities than the doctors opined."[34]

---

[31] *Id*. at 5.
[32] ECF No. 17 at 7 (citing Tr. at 23).
[33] *Id*. at 8.
[34] *Id*. at 9.

That said, I am mindful that potentially meritorious claims of limitations arising from fibromyalgia can often be masked by normal physical findings and the fact that symptoms can arise as flareups, impeding the ability to do sustained work, can also be seemingly contradicted by findings made when the fibromyalgia is more dormant. Thus, I remain troubled by the ALJ's reliance on normal physical findings in this section of the opinion.

However, because the matter is to be remanded due to the error detailed earlier, I make no finding as to the ALJ's decision as to how Bright's fibromyalgia effects her RFC but instead direct that, on remand, the Commissioner take a fresh look at this issue with an updated functional opinion from a medical source.

## Conclusion

For the reasons stated, the decision of the Commissioner is reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: March 31, 2021                                    s/William H. Baughman Jr.
                                                        United States Magistrate Judge